# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY SAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-77-AMG |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Timothy Sams ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Doc. 1). The Commissioner has filed the Administrative Record ("AR") (Doc. 7), and the parties have fully briefed the issues (Docs. 11, 15).[1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 9, 10). Based on the Court's review of the record and issues presented, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings.

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

## I. Procedural History

Plaintiff filed applications for DIB and SSI on July 1, 2020, and alleged an amended disability onset date of October 19, 2020. (AR, at 39, 112, 124). The SSA denied the applications initially and on reconsideration. (*Id*. at 121, 133, 158, 175). Then an administrative hearing was held on May 3, 2022. (*Id*. at 31-56). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 13-30). The Appeals Council subsequently denied Plaintiff's request for review. (*Id*. at 2-7). Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

## II. The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. §§ 404.1521, 416.921; *see* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a),

416.913(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[2] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show

---

[2] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a)(1).

the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience." *Id*. "The claimant is entitled to disability benefits only if [Claimant] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

### III. The Administrative Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 19, 2020, the amended alleged onset date. (AR, at 18). At Step Two, the ALJ found that Plaintiff had the severe impairment of degenerative disc disease. (*Id*.) At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id*. at 20). The ALJ then determined that Plaintiff had the RFC

> to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except with occasional climbing, balancing, stooping, kneeling, crouching, and crawling.

(*Id*.) Then, at Step Four, the ALJ concluded that Plaintiff was able to perform his "past relevant work as a Glass Installer and as a Heavy Truck Driver." (*Id*. at 23). Thus, the ALJ found that Plaintiff had not been under a disability since October 19, 2020. (*Id*.)

### IV. Claims Presented for Judicial Review

On appeal, Plaintiff asserts that the RFC is not supported by substantial evidence because "the ALJ did not assess the RFC on a function-by-function basis and failed to identify medical evidence that supported his conclusion that [Plaintiff] was capable of performing medium level exertional work." (Doc. 11, at 1). Plaintiff further contends that the ALJ improperly "rejected a doctor's prescription for a cane and [Plaintiff's] severe pain." (*Id*.) In response, the Commissioner argues that "substantial evidence supports the ALJ's [RFC] finding, and the decision should be affirmed." (Doc. 15, at 1).

### V. The ALJ Failed to Adequately Consider Plaintiff's Prescription for a Cane in Formulating the RFC.

The ALJ discussed various pieces of evidence in support of his RFC determination that Plaintiff could perform a reduced range of medium work. (AR, at 20-23). First, the ALJ considered the testimony of Plaintiff at his hearing, "that he feels unable to work due to his back pain," "that he is unable to lift more than fifty pounds, is unable to stand or walk for long periods, and cannot stand confined spaces," and "has difficulty with postural positions and problems completing tasks." (*Id*. at 20). He noted Plaintiff's testimony that "his back pain averages an eight out of ten in intensity" without medication and "a six out of ten in intensity" with use of "a muscle relaxer and two painkillers and a lidocaine patch." (*Id*. at 21). He noted Plaintiff's testimony that "he tries to walk every day" approximately half a mile, "but that he does not do this briskly." (*Id*. at 21, 47). The ALJ stated that Plaintiff "testified that he used a cane for a while, sometimes allot [sic] and sometimes a little, and that he can watch a whole movie, but his legs go numb." (*Id*. at 21). Plaintiff's actual hearing testimony was as follows:

> ALJ: . . . Oh, you just got the cane, at least you just got the prescription for the cane. Have you been using a cane for a while?
>
> Plaintiff: Sometimes I got to use it all the time and other times, I'm kind of – think I can do without, but my wife gets on to me all the time, you need to use it, you need to – okay, okay, okay. So lately I've been using it pretty much all the time.
>
> ALJ: Okay. And why do you use it? Why do you feel it's something that – that's useful to you?

6

| | |
|---|---|
| Plaintiff: | Well, if I'm sitting down and I sit down like to watch a whole movie, I have to use it to get up and keep my balance because my leg will go numb. |
| ALJ: | Okay.  Do you think that's because of your back problems or – |
| Plaintiff: | I think – I think it's nerve problems in my back, yes. |

(*Id*. at 49).

The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects" of his symptoms "are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [his] decision." (*Id*. at 21). The ALJ then discussed the medical evidence of Plaintiff's physical limitations and contrasted Plaintiff's subjective allegations with some mild to normal findings upon examination, conservative treatment for back pain, and his VA doctors' "recommend[ation] that he walk briskly for an hour three or four times weekly." (*Id*. at 21-22).  The ALJ noted that at an examination on April 17, 2019, Plaintiff's "gait was normal, but heel/toe walking was noted as difficult.  He did not use an assistive device." (*Id*. at 21).  He observed that "[o]n April 5, 2021, a Lumbar X-Ray indicated some mild disc space narrowing at the L4-L5 spinal section with more pronounced disc space narrowing at the L5-S1 spinal section." (*Id*.)  The ALJ further stated:

> During these exams [at the VA], on February 15, 2022, the claimant reported he was filing for Social Security disability and requested a prescription for a cane.  He reported that he was in a clinic on February 7 for an eye exam and was given a cane and that he needed a copy of that order. **He also claimed that he received a cane while at the VA clinic last year. (15F17). However, the only prescription found was the most recent one.** It is also noteworthy that the claimant's function report is far more limited than his

> allegations to either his mental consultative examiner or to even his own VA doctors. **Taken together, this does not support that the claimant needs a cane**, handicap placard, or the option to switch between sitting and standing. He does not have muscle atrophy and has instead been noted as able to ambulate independently.

(*Id*. at 21-22) (emphasis added). At the administrative hearing on May 3, 2022, the ALJ acknowledged that the day prior Plaintiff's attorney submitted a two-page document from a VA doctor that was a prescription for a cane. (*Id*. at 38). This is apparently the "most recent" prescription referenced in the ALJ's opinion. The Defendant Commissioner concedes that this prescription was submitted to the ALJ but has admitted that it has been unable to locate the actual prescription in the record. (Doc. 15, at 7 n. 2). The Court likewise cannot locate the prescription in the record.

> As for medical opinions regarding Plaintiff's physical condition, the ALJ stated:
>
> DDS at the Initial and Reconsideration levels found insufficient evidence. (2A; 3A; 8A; 9A). I find these assessments unpersuasive as the longitudinal record of evidence indicates that the claimant has Degenerative Disc Disease resulting in chronic pain that causes him some difficulty in his ability to perform certain activities such as range of motion.

(*Id*. at 22).

Thus, the ALJ acknowledged evidence that: in 2019 heel/toe walking was difficult for Plaintiff; by 2021, a lumbar x-ray showed mild and moderate disc space narrowing; the longitudinal record indicated chronic back pain affecting Plaintiff's ability to do certain activities; and by 2022, Plaintiff had a prescription for a cane that he testified to using "pretty much all the time." However, the ALJ failed to provide any description or analysis of that prescription.

8

> Security Ruling ("SSR") 96-9p provides:
>
> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (*i.e.*, whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case.

1996 WL 374185, at *7. The very existence of the prescription is evidence indicating that a treatment provider believed a cane was medically required for Plaintiff. But the ALJ made no mention of which treatment provider made the prescription or whether it had any additional explanation of the physical conditions supporting the prescription or description of "the circumstances for which [the cane] is needed." In the absence of such a discussion by the ALJ – as well as the absence of the prescription from the administrative record – it is impossible for the Court to adequately review the basis for the ALJ's determination that the cane was <u>not</u> medically required and therefore not included in the RFC.

Instead of discussing the prescription, the ALJ summarily declared that there was no support for Plaintiff's need for a cane and focused on the medical evidence of non-disability. "It is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004). Moreover, "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). Without a more fulsome explanation of the ALJ's rejection of Plaintiff's need for a cane, the RFC, which does not account for

use of a cane, is not supported by substantial evidence. *See, e.g., Aguirre v. Saul*, No. CIV-18-1111-STE, 2019 WL 2552224, at *7 (W.D. Okla. June 20, 2019) (reversing and remanding because evidence was insufficient to support the RFC when ALJ failed to consider whether Plaintiff's assistive device was medically necessary, and Plaintiff had a prescription for a walker and Plaintiff testified that he was using a walker).[3]

## VI. Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **REVERSES** the decision of the Commissioner and **REMANDS** the matter for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED** this 19th day of December, 2023.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court declines to address Plaintiff's remaining objections to the ALJ's decision "because they may be affected by the ALJ's treatment of th[e] case on remand." *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).